NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 20, 2018[*]
Decided July 30, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 17-2567 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DONALD BOWEN, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 16 CR 2-1 <br> Charles R. Norgle, *Judge.* |

**Order**

   Donald Bowen pleaded guilty to transporting child pornography, 18 U.S.C. §2252A(a)(1), and was sentenced to 15 years' imprisonment. The length of the sentence depends on an enhancement under 18 U.S.C. §2252A(b)(1), which applies to any person who has a conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a)(2)(C).

possession, receipt, mailing, sale, distribution, shipment, or transportation of child por-
nography, or sex trafficking of children". Subsection (b)(1) provides for a minimum
term of 15 years and a maximum of 40; without the enhancement the statutory range for
Bowen would have been 5 to 20 years. A term of 15 years is within both ranges, but by
finding the enhancement applicable the district court cabined its discretion. (The judge
did not say unequivocally that he would have imposed a 15-year sentence without rely-
ing on the enhancement under subsection (b)(1).)

The district court found that in 1982 Bowen had been convicted of violating 38 Ill.
Rev. Stat. §11-5(a)(3) (1981), which prohibits lewd touching of a child. Lewd touching
between minors is not enough to call for an enhancement under subsection (b)(1); the
sexual conduct must be "abusive" (or deal with child pornography or sex trafficking of
children). The district judge concluded that the enhancement nonetheless applies, be-
cause the conduct that led to the 1982 conviction was *in fact* abusive. In reaching this
conclusion the judge relied on police records rather than the state statute, the charging
papers, or the terms of the state court's judgment. In relying on arrest records the judge
took account of documents that the Supreme Court held should not be considered. See
*Shepard v. United States*, 544 U.S. 13, 21–23 (2005). Moreover, the court equated "lewd"
conduct with "abusive" conduct despite a decision of this court rejecting that equation
for a materially identical statute in Indiana. See *United States v. Osborne*, 551 F.3d 718
(7th Cir. 2009).

Unfortunately, no one called *Osborne* to the district judge's attention, and the judge
also did not implement the restriction imposed by *Shepard*. In this court, however, the
prosecutor has confessed error. Because the state conviction could rest on non-abusive
conduct, and federal law makes the propriety of recidivist enhancements depend on the
crime of conviction rather than what the defendant actually did, see *Mathis v. United
States*, 136 S. Ct. 2243 (2016), we accept the confession and remand for resentencing.

Although the court must not enhance the sentence under subsection (b)(1), it re-
mains free to consider Bowen's actual conduct when exercising its discretion to craft a
sentence, within the range of 5 to 20 years, for the conduct of which Bowen stands con-
victed. A judge is permitted—indeed required—to consider the "history and character-
istics" of the defendant. 18 U.S.C. §3553(a)(1). See *United States v. Woods*, 576 F.3d 400,
403 & n.2 (7th Cir. 2009). "No limitation shall be placed on the information concerning
the background, character, and conduct of a person convicted of an offense which a
court of the United States may receive and consider for the purpose of imposing an ap-
propriate sentence." 18 U.S.C. §3661.

We trust that when entering a new sentence the district court will correct the judgment to reflect that Bowen has been convicted of violating 18 U.S.C. §2252A(a)(1) and not, as the judgment now reads, 18 U.S.C. §2252(1)(1) [sic] and (b)(1).

VACATED AND REMANDED